# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case No. 3:97CR00086 |
| v. | ) | |
| | ) | **OPINION AND ORDER** |
| **JOHN FRANKLIN BANKS,** | ) | |
| | ) | By: James P. Jones |
| Defendant. | ) | Chief United States District Judge |

On November 4, 1998, the court sentenced the defendant in connection with a crack cocaine conviction. In so doing, the court considered the federal sentencing guidelines as required under 18 U.S.C. § 3553(a).

Pursuant to its statutory authority, the United States Sentencing Commission has amended the federal advisory sentencing guidelines applicable to criminal cases involving cocaine base or crack cocaine, effective November 1, 2007. On December 11, 2007, the Sentencing Commission further decided that, effective March 3, 2008, the amended guideline provisions will apply retroactively to offenders who were sentenced under prior versions of the sentencing guidelines, and who are still incarcerated. Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to the provisions of 18 U.S.C. § 3582(c)(2).

On March 24, 2008, the court received a motion from the defendant which the court treated as a Motion to Reduce Sentence pursuant to § 3582(c)(2).

Having considered the defendant's Motion to Reduce Sentence, the court concludes that the motion must be denied. The defendant was convicted of conspiracy to possess with intent to distribute powder cocaine and crack cocaine, in violation of 21 U.S.C. § 846, and engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. With regard to the drug conviction, the defendant was held responsible for 3.5 kilograms of crack cocaine and 40 kilograms of powder cocaine. Pursuant to USSG § 2D1.1 cmt. n.10, the crack cocaine and powder cocaine are converted into their marijuana equivalents and combined in order to calculate the drug quantity for purposes of establishing a base offense level. In this case, the equivalent amount of marijuana is 31,450 kilograms. This correlates with a base offense level of 38 in the amended sentencing guidelines. After accounting for the enhancements the defendant received for possessing a firearm during a drug transaction and his role as a leader in the offense, the defendant has a Total Offense Level of 44. With a Criminal History Category of I, the amended guidelines recommend a life sentence, the same sentence recommended by the guidelines under which the defendant was originally sentenced.

Additionally, the defendant was sentenced to another life sentence for engaging

in a continuing criminal enterprise, and that sentence is unaffected by the recent retroactive amendments to the guidelines. *See* 21 U.S.C. §§ 848(b) and 841(b)(1)(A)(vii).

Accordingly, it is **ORDERED** that the defendant's Motion to Reduce Sentence (Doc. No. 210) is **DENIED**.

The Clerk will send copies of this order to the defendant at his place of confinement and to the United States Attorney's Office.

ENTER: March 28, 2008

 /S/ JAMES P. JONES
Chief United States District Judge