IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 3:97CR00086-001 |
| v. | ) | **OPINION** |
| **JOHN FRANKLIN BANKS,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*John Franklin Banks, Pro Se Defendant.*

The defendant, John Franklin Banks, a federal inmate sentenced by this court, has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), based upon the two-level reduction in the drug guideline ranges adopted by Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG") and made retroactive by USSG § 1B1.10(d) (2016). For the reasons that follow, I find that the motion must be denied.

After conviction by a jury of conspiracy to distribute cocaine and cocaine base and for conducting a continuing criminal enterprise ("CCE"), 21 U.S.C. §§ 846, 848, the court (Michaels, J.) sentenced Banks on November 4, 1998, to life imprisonment on both counts. On appeal, the court of appeals vacated the conviction for conspiracy on the ground that it was a lesser included offense of the crime of CCE and remanded the case for resentencing. *United States v. Banks*, No.

98-4879, 1999 WL 812333, at *1 (4th Cir. Oct. 12, 1999) (unpublished). Banks was resentenced to life imprisonment on the CCE count on January 14, 2000. The court of appeals affirmed. *United States v. Banks*, No. 00-4116, 2000 WL 1339524 (4th Cir. Sept. 18, 2000) (unpublished).

On August 30, 2016, the President commuted Banks' sentence to 292 months imprisonment. Executive Grant of Clemency, ECF No. 236. His current projected release date is August 21, 2019. Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 23, 2017). He is 54 years old. *Id*.

Before granting a sentence reduction pursuant to a guidelines amendment, the court must engage in a two-step inquiry: (1) determine whether a reduction is authorized by § 3582(c)(2) and USSG § 1B1.10, and, if so, (2) determine whether a reduction is warranted in light of the factors listed in § 3582(a). *Dillon v. United States,* 560 U.S. 817, 826 (2010). Currently at issue is the first prong of the analysis — whether Banks is eligible for a reduction. Under 18 U.S.C. § 3582(c)(2), a court may grant a motion for a sentence reduction for a defendant who (1) "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if (2) such reduction is "consistent with applicable policy statements issued by the Sentencing Commission."

The Sentencing Commission's policy statements provide that in applying § 3582(c)(2), the court shall determine the amended guideline range that would have been applicable to the defendant if the retroactive amendment had been in effect at the time of the defendant's sentencing. USSG § 1B1.10(b)(1) (2016). The policy statements further provide that with one exception, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." USSG § 1B1.10(b)(2)(A) (2016). The lone exception relates to an original sentence made pursuant to a government motion to reflect the defendant's substantial assistance to authorities, *id.* at § 1B1.10(b)(2)(B), which exception is not applicable to the defendant's case.

The defendant's initial guideline range was calculated on the basis of the conspiracy offense (Count One), since it produced the highest offense level. Presentence Investigation Report ("PSR") ¶ 18, Aug. 27, 1998, ECF No. 238. That range was largely determined by the quantity of drugs attributed tothe defendant and produced a Base Offense Level of 38. *Id.* at ¶ 19. With adjustments, Banks' Total Offense Level was 44, producing a guideline range of life imprisonment. *Id.* at ¶¶ 28, 46.

The PSR advised that there was a mandatory minimum sentence of life imprisonment for the CCE offense (Count Two) under 21 U.S.C. § 848(b), which provides for such a sentence in the case of extremely large enterprises. *Id.* at ¶ 45.

At resentencing, there was no expressed calculation of the guideline range for Count Two, the sole remaining conviction. Resentencing Tr. 15, ECF No. 146. However, where a CCE mandatory minimum sentence applies, the statutory minimum shall be the guideline sentence. USSG § 2D1.5 cmt. background (2016).

Under these circumstances, the reduction of the drug guideline offense levels by Amendment 782 would not be applicable to the defendant. Accordingly, the defendant is not entitled to a reduction of his sentence under § 3582(c)(2).[1]

A separate Order will be entered forthwith.

DATED: August 24, 2017

/s/ James P. Jones
United States District Judge

---

[1] The Base Offense Level for a CCE offense is the greater of 38 or 4 plus the offense level for the drug quantity applicable to the underlying offense. USSG § 2D1.5(a) (2016). Even if the defendant had not been subjected to a mandatory minimum sentence, and his base offense level of 38 based on drug quantity was reduced by two levels, the Base Offense Level pursuant to the CCE guideline would be 40, providing a guideline range of 292 to 365 months imprisonment. Since executive clemency reduced his sentence to its present 292 months, § 3582(c)(2) would provide no relief.