# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE  DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| | ) | Case No. 3:97CR00086-001 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **JOHN FRANKLIN BANKS,** | ) | JUDGE JAMES P. JONES |
| | ) | |
| Defendant. | ) | |

*John Franklin Banks, Pro Se Defendant.*

The defendant has filed a pro se motion for early termination of his supervised release.  For the reasons that follow, I find that the motion must be denied.

After conviction by a jury of conspiracy to distribute cocaine and cocaine base and for conducting a continuing criminal enterprise ("CCE"), 21 U.S.C. §§ 846, 848, the court (Michaels, J.) sentenced Banks on November 4, 1998, to life imprisonment on both counts.  On appeal, the court of appeals vacated the conviction for conspiracy on the ground that it was a lesser included offense of the crime of CCE and remanded the case for resentencing.  *United States v. Banks*, No. 98-4879, 1999 WL 812333, at *1 (4th Cir. Oct. 12, 1999) (unpublished).  Banks was resentenced to life imprisonment on the CCE count on January 14, 2000.  The court of appeals affirmed.  *United States v. Banks*, No. 00-4116, 2000 WL 1339524 (4th Cir. Sept. 18, 2000) (unpublished).

On August 30, 2016, President Obama commuted Banks' sentence to 292 months imprisonment, expressly leaving intact the five-year term of supervised release imposed by Judge Michaels.[1]  Executive Grant of Clemency, ECF No. 236. The defendant was release from prison and began his term of supervision on February 26, 2019.  He proffers that he has performed well on supervision to date and has vision and other health issues that are stressful and wishes to be released from supervision so that he "can focus on getting as healthy as possible."  Mot. 1, ECF No. 241.

Pursuant to 18 U.S.C. § 3583(e)(1), the court may terminate a defendant's term of supervision if the court is "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."     Even accepting the defendant's assertion that he has performed well on supervision, I cannot find that the interest of justice warrants termination in this case.  The defendant was convicted of a very serious crime and the term of supervision was imposed, in part, to reflect the serious nature of that crime.  *See* 18 U.S.C. §§ 3553(a)(2)(A), 3583(c).  I find that to terminate that term would not be in the interest of justice.

Accordingly, it is **ORDERED** that the motion, ECF No. 241, is DENIED.

---

[1]  Pursuant to 18 U.S.C. § 3583(b)(1), the authorized term of supervised release for a Class A felony is not more than five years.

-2-

-3-

ENTER:   February 10, 2022

/s/  JAMES P. JONES
Senior United States District Judge